NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3620
_____

UNITED STATES OF AMERICA

v.

JOSE LUIS VELA-MIRANDA,
a/k/a Juan Vela Oronia


JOSE LUIS VELA-MIRANDA,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-11-cr-00072-001)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2013

Before:  SMITH, FISHER and CHAGARES, *Circuit Judges*.

(Filed:  August 7, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

    Jose Luis Vela-Miranda appeals from the sentence imposed by the District Court

following his conviction for unauthorized reentry under 8 U.S.C. § 1326.  We will affirm.

I.

Because we write principally for the parties, who are familiar with the factual context and legal history of this case, we will set forth only those facts that are necessary to our analysis.

Vela-Miranda was born in Mexico and legally immigrated to the United States in 1980. In July 2006, Vela-Miranda pleaded guilty in Wisconsin state court to conspiracy to deliver between 200 and 1,000 grams of tetrahydrocannabinols ("THC"), in violation of Wis. Stat. § 961.41(h)(2). The court sentenced Vela-Miranda to three months' imprisonment and two years' probation. In March 2007, Vela-Miranda was removed to Mexico.

In October 2011, Vela-Miranda was stopped for speeding in Ohio. After Ohio police contacted federal authorities, Vela-Miranda was taken into custody and admitted to reentering the country illegally. In March 2012, Vela-Miranda pleaded guilty in the United States District Court for the Western District of Pennsylvania to illegal reentry, in violation of 8 U.S.C. § 1326.

In the presentence report, the Probation Office determined that Vela-Miranda's felony conviction in Wisconsin constituted a "drug trafficking offense" under U.S.S.G § 2L1.2(b)(1)(B), which resulted in a 12-point offense level enhancement. Given Vela-Miranda's criminal history category of II, this enhancement resulted in a guideline range of 27-33 months. Vela-Miranda objected to the enhancement, but the District

Court overruled his objection and sentenced him to 27 months' imprisonment followed by three years of supervised release.

Vela-Miranda's timely appeal to this Court followed.

## II.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Pojilenko*, 416 F.3d 243, 246 (3d Cir. 2005).

## III.

Vela-Miranda argues that the District Court erred in applying a 12-level enhancement because his conviction under Wis. Stat. § 961.41(h)(2) does not qualify as a "felony drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(B). We disagree.

Section 2L1.2(b)(1)(B) of the Sentencing Guidelines provides for a 12-point offense level enhancement for a defendant convicted of unlawful reentry who "previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." Application Note 1(B)(iv) of § 2L1.2 defines a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit

3

substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

To determine whether a prior conviction under a state statute triggers a sentencing enhancement, we employ the "formal categorical approach," under which we look to the statutory definition of the prior offense rather than to the particular facts underlying the conviction. *Taylor v. United States*, 495 U.S. 575, 600 (1990). Vela-Miranda argues that his conviction does not qualify as a "drug trafficking offense" under the formal categorical approach because Wis. Stat. § 961.41 prohibits a range of conduct that is broader than the definition of "drug trafficking offense" in § 2L1.2. Specifically, Vela-Miranda points out that the Wisconsin statute under which he was convicted makes it unlawful to "manufacture, distribute or deliver" a controlled substance, § 961.41(1), and that the verb "deliver" is not contained in the definition of "drug trafficking offense" in § 2L1.2.

A quick trip through Wisconsin's criminal statutes shows the error in this argument. Wisconsin's Uniform Controlled Substances Act defines "delivery" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance or controlled substance analog, whether or not there is an agency relationship." Wis. Stat. § 961.01(6). The Act defines "dispense" as "to deliver a controlled substance to an ultimate user or research subject by or pursuant to the lawful order of a practitioner, including the prescribing, administering, packaging, labeling or compounding necessary

4

to prepare the substance for that delivery." § 961.01(7).  Likewise, the Act defines "distribute" as "to deliver other than by administering or dispensing a controlled substance or controlled substance analog." § 961.01(9).  Wisconsin's definition of "delivery" fully incorporates its definitions of "dispense" and "distribute"; put another way, under Wisconsin law, one cannot "deliver[]" a controlled substance without either "dispens[ing]" or "distribut[ing]" it.

Although Vela-Miranda correctly points out that the term "delivery" is not contained within the definition of "drug trafficking offense" in § 2L1.2, the terms "distribution" and "dispensing" are.  *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iv) ("'Drug trafficking offense' means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance. . . .").  Therefore, a conviction under Wis. Stat. § 961.41 categorically qualifies as a "felony drug trafficking conviction" as that term is used in § 2L1.2(b)(2)(B).[1]  The District Court did not err when it applied the 12-level enhancement.

## IV.

For the reasons set forth above, we will affirm the order of the District Court.

---

[1] Application Note 2 of § 2L1.2 defines a "felony" as "any federal, state, or local offense punishable by imprisonment exceeding one year."  Vela-Miranda's conviction under Wis. Stat. § 961.41(h)(2) was a Class H felony punishable by up to six years in prison.  *See* Wis. Stat. § 939.50(3)(h).

5